451 So.2d 1302 (1984)
Robert DAVIS, Jr.
v.
Juliette Y. ANDERSON.
No. 83 CA 0812.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1303 W. Steven Mannear, Baton Rouge, for plaintiff-appellee Robert Davis, Jr.
Walter C. Dumas, Baton Rouge, for defendant-appellant Juliette Y. Anderson.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Defendant appealed the trial court's judgment holding her liable for the medical expenses and pain and suffering that plaintiff sustained from a gun shot wound.
The issues are: (1) whether the trial court erred in finding that appellant was negligent and (2) whether the trial court erred in awarding appellee damages.
We affirm.
After an argument between plaintiff and defendant while driving, defendant upon arrival entered her house, obtained a pistol, came outside and shot plaintiff in the back. Defendant then left the scene of the incident.
Exploratory surgery was performed on plaintiff and the injuries that were discovered were surgically corrected. Plaintiff stayed in the hospital for eight days and the attending physician testified that plaintiff had fully recovered about forty days later. The trial court found defendant liable for medical expenses of $5059.13 and for pain and suffering in the amount of $7500.00.
Appellant's first argument is that the trial court erred in finding that appellant was negligent. The court's reasoning was as follows:
"She said that she did not intend to hit him, or was not shooting at him, but even if I take it to be true that there was no intentional tort, there is no question but there was negligence...."
The court found that there was no evidence to support a theory of self-defense. We have reviewed the record and agree with the findings of the trial court.
Appellant next complains that the trial court erred in awarding appellee damages.
Appellant first claims that she has no income, property or other means to pay a $12,559.13 judgment. She argues that her financial inability should have been taken into consideration in assessing damages. However, we cannot address this claim because appellant failed to plead or to introduce evidence of her financial inability at the trial level. An appellate court may not review evidence that is not in the record, nor can it receive any evidence to supplement the record. National American Bank of New Orleans v. Purvis, 407 So.2d 754 (La.App. 1st Cir.1981).
*1304 Secondly, appellant argues that the level of the $7,500.00 award for pain and suffering is excessive. The gunshot wound necessitated major surgery, eight days of hospitalization and a forty day rehabilitation period. The $7,500.00 award does not constitute an abuse of the great discretion accorded the trier of fact in the award of general damages and, accordingly, it will not be disturbed upon appellate review. La.C.C. art. 1934; Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976).
For the above reasons, the decision of the trial court is affirmed at appellant's costs.
AFFIRMED.