# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-1011


**RONALD K. CHAVERS, ET AL.**

**VERSUS**

**BRIGHT TRUCK LEASING, ET AL.**


\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE, NO. 96-1119-A**
**HONORABLE JOHN D. TRAHAN,**
**DISTRICT COURT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.


**AFFIRMED.**


**Anthony M. Fazzio**
**P. O. Box 2636-70502**
**1326 W. Pinhook Road, Suite 101**
**Lafayette, Louisiana 70503**
**(337) 235-1111**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Ronald K. Chavers, Individually and as Tutor of the Minors,**
    **Christopher Shane Chavers and Megan Elizabeth Chavers, and**
    **Gloria Chavers, Individually**

**Jeffrey A. Rhoades**
**Swift & Rhodes**
**P.O. Box 53107**
**930 Coolidge Boulevard**
**Lafayette, Louisiana 70505-3107**
**(337) 572-9877**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Southern County Mutual Insurance Company,**
**Associates Leasing, Inc., and Bright Truck Leasing Corporation**

**G. Andrew Veazey**
**Bradford H. Felder**
**Huval, Veazey, Felder & Aertker, L.L.C.**
**P. O. Box 80948**
**101 Feu Follet, Suite 101**
**Lafayette, Louisiana 70598-0948**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Reliance Insurance Company (In Liquidation)**

**Joseph L. McReynolds**
**Beverly A. Aloisio**
**Deutsch, Kerrigan & Stiles, L.L.P.**
**755 Magazine Street**
**New Orleans, Louisiana 70130**
**(504) 581-5141**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Reliance Insurance Company (In Liquidation)**

**Edgar John Litchfield**
**Berrigan, Litchfield, Schonekas, Mann, Traina & Thompson, L.L.C.**
**400 Poydras Street, Suite 2000**
**New Orleans, Louisiana 70130**
**(504) 568-0541**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Reliance Insurance Company (In Liquidation)**

**Peter F. Liberto**
**6916 Colbert Street**
**New Orleans, Louisiana 70124**
**(504) 282-9433**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Reliance Insurance Company (In Liquidation)**

**Donald D. Landry**
**Perrin, Landry, deLaunay & Durand**
**P.O. Box 53597**
**225 La Rue France**
**Lafayette, Louisiana 70505**
**(337) 233-5832**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Homer B. Lingo and Lingo International, Inc.**

**Ralph E. Kraft**
**Jessica Devitt**
**Preis, Kraft, & Roy**
**P.O. Drawer 94-C**
**600 Jefferson Street, Suite 410**
**Lafayette, Louisiana 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Walter Mortensen Insurance**

**Musa Rahman**
**Johnson, Stiltner & Rahman**
**P.O. Box 98001**
**2237 South Acadian Thruway**
**Baton Rouge, Louisiana 70098-8001**
**(225) 231-0756**
**COUNSEL FOR INTERVENOR/APPELLEE:**
**Louisiana Workers' Compensation Corporation**

**GENOVESE, JUDGE.**

In this personal injury case, Plaintiffs, Ronald K. Chavers, individually, and as tutor of the minors, Christopher Shane Chavers and Megan Elizabeth Chavers, and Gloria Chavers, individually (collectively Chavers), appeal a judgment of the trial court granting the declinatory exception of lack of subject matter jurisdiction filed by Defendant, Reliance Insurance Company (Reliance). Chavers also appeals the trial court's grant of the motion for summary judgment filed by the Defendant, Associates Leasing, Inc. (Associates). For the following reasons, we affirm.

## FACTS

On March 2, 1995, Ronald Chavers was operating a commercial truck-trailer rig that overturned while descending a mountain in Utah, which Chavers alleges was the result of defective brakes. As a result of the accident, Chavers filed suit against several defendants, including Associates,[1] the owner of the truck, and Reliance, the insurer of the truck and the insurer of the garage responsible for the mechanical upkeep of the truck. Chavers also named as a defendant, Bright Truck Leasing Corporation (Bright Leasing), the lessee of the truck from Associates, and the sublessor of the truck to Profco, Inc. (Profco). Profco was also the owner of the trailer and the entity which hired Ronald Chavers to drive the rig.

The procedural history of this matter is extensive. However, pertinent to the issues in this appeal are the exception of lack of subject matter jurisdiction filed by Reliance and the motion for summary judgment filed by Associates. The trial court sustained Reliance's exception of lack of subject matter jurisdiction and granted Associates' motion for summary judgment, which ultimately dismissed the claims of Chavers against both Reliance and Associates. It is from these two judgments that

---

[1]The record reveals that subsequent to the accident at issue, Associates was purchased by CitiCapital Commercial Leasing Corporation (CitiCapital).

1

Chavers has appealed. Additionally, on appeal, Chavers filed a motion to strike a statement made by Reliance in its appellate brief. For the following reasons, we grant Chavers's motion to strike and we affirm the judgments of the trial court.

## ISSUES

The following issues are raised by Chavers for our review:

1.  whether the trial court erred in not considering only Pennsylvania's status as a reciprocal state as defined by the Louisiana Uniform Insurance Liquidation Act;

2.  whether the trial court erred in treating Reliance's motion as an exception of jurisdiction over subject matter rather than an exception of res judicata;

3.  whether the trial court erred in not considering whether the Pennsylvania Commonwealth Court fully and fairly considered its jurisdiction over the subject matter and jurisdiction over the person of Ronald Chavers; and

4.  whether the trial court erred in concluding that there was no genuine issue of material fact and, as a matter of law, Associates was entitled to a judgment of dismissal.

## LAW AND ARGUMENT

**Motion to Strike**

_____On appeal, Chavers filed a motion to strike a statement made by Reliance in its appellate brief, asserting that there is no evidence in the record on appeal of the contents of said statement. Action on this motion was referred to the merits of this appeal.

> Pursuant to La.[Code Civ.]P. art. 2164, an appellate court must render its judgment *upon the record on appeal*. The *record on appeal* is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La.[Code Civ.]P. arts. 2127 and 2128; Official Revision Comment (d) for La.[Code Civ.]P. art. 2127. An appellate court cannot review *evidence* that is not in the *record on appeal* and cannot receive new evidence. *Davis v. Anderson*, 451 So.2d 1302 (La.App. 1st Cir.1984).

_____
*Tranum v. Hebert*, 581 So.2d 1023, 1026 (La.App. 1 Cir. 1991), *writ denied*, 584

2

So.2d 1169 (La.1991). Additionally, "[t]he appellate briefs of the parties are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal." *Id.* at 1027 (citing *Capital Drilling Co. v. Graves*, 496 So.2d 487 (La.App. 1 Cir. 1986); *Fred H. Moran Constr. Corp. v. Elnaggar*, 441 So.2d 260 (La.App. 1 Cir. 1983)).

In brief, Reliance states that it will "extend the deadline for Appellants to file their Proofs of Claim by December 31, 2006," with the Pennsylvania Rehabilitation Court. However, after a thorough review of the record, we note that there is no evidence of such an extension within the record on appeal. Consequently, Chavers's motion to strike is granted.

**Exception of Lack of Subject Matter Jurisdiction**

Chavers asserts that the trial court erred in treating Reliance's exception as one of lack of subject matter jurisdiction as opposed to an exception of res judicata. We disagree.

Subject matter jurisdiction is defined in La.Code Civ.P. art. 2 as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." "Res judicata is an issue and claim preclusion device which prohibits relitigation of matters which were litigated or could have been litigated in a prior suit." *Walker v. Howell*, 04-246, p. 3 (La.App. 3 Cir. 12/15/04), 896 So.2d 110, 112 (emphasis omitted); La.R.S. 13:4231; La.Code Civ.P. art. 425. In the present case, the issue is the legal power of a Louisiana district court to hear and determine an action, the object of which encompasses assets which are subject to an order of a Pennsylvania Commonwealth Court. Thus, the relevant inquiry is that of subject matter jurisdiction. The principles of res judicata are not applicable.

In support of its exception of lack of subject matter jurisdiction, Reliance argues that Pennsylvania's status as a "reciprocal state" under the Louisiana Uniform Insurance Liquidation Act (UILA), La.R.S. 22:757[2], *et. seq.*, divested the trial court of subject matter jurisdiction. We agree.

On October 3, 2001, Pennsylvania's Insurance Commissioner obtained an order from the Commonwealth Court of Pennsylvania (Commonwealth Court) which placed Reliance, a Pennsylvania corporation domiciled in the state of Pennsylvania, in liquidation. The order of the Commonwealth Court provided for a stay of all actions "at law or equity" against Reliance as follows:

> Unless the Liquidator consents thereto in writing, no action at law or equity, or arbitration or mediation, shall be brought against Reliance or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any existing action be maintained or further prosecuted after the date of this Order. All actions, including arbitrations and mediations currently pending against Reliance in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed. All actions, arbitrations, and mediations against Reliance or the Liquidator shall be submitted and considered as claims in the liquidation proceedings.

The liquidation of Reliance during the course of the pending litigation resulted in a previously filed exception of lack of subject matter jurisdiction by Reliance, which was denied by the trial court. The exception of lack of subject matter jurisdiction now before this court arose following the recent decision of the Louisiana Supreme Court in *All Star Adver. Agency, Inc. d/b/a/ All Star Auto. Group v. Reliance Ins. Co.*, 04-1544 (La.4/12/05), 898 So.2d 369, which prompted Reliance to re-urge its exception. Reliance contends that the decision in *All Star* mandates the granting of its exception of lack of subject matter jurisdiction. We agree with Reliance that the supreme court's decision in *All Star* is controlling and that its application resolves

---

[2]Louisiana Revised Statutes 22:757(7) defines a "reciprocal state" as "any state other than this state in which in substance and effect the provisions of this law are in force, including the provisions requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer."

4

the issue of lack of subject matter jurisdiction.

In *All Star*, Reliance filed an exception of lack of subject matter jurisdiction contending that the Fifteen Judicial District Court of the State of Louisiana did not have subject matter jurisdiction, citing the Pennsylvania order liquidating Reliance and the UILA. The Louisiana Supreme Court granted the writ application filed by the Pennsylvania Insurance Commissioner, Reliance's Liquidator, and specifically addressed the issue of "whether Pennsylvania is a reciprocal state with Louisiana pursuant to La.[R.S.] 22:757(7)." *All Star*, 898 So.2d at 375. The supreme court, in *All Star,* opined that the UILA is the state of Louisiana's codification of one of two model laws[3] designed to provide "[u]niformity and predictability in interstate relations regarding insurer delinquency and liquidation proceedings." *Id*. at 370. The supreme court "[a]fter examining the respective laws of both Louisiana and Pennsylvania governing interstate relations in multi-state insurer liquidation proceedings, [found] that the laws of the two states are 'in substance and effect' the same. Therefore, Pennsylvania is a reciprocal state pursuant to La.[R.S.] 22:757(7)." *Id*. at 382.

As stated above, this court is bound by the decision of the Louisiana Supreme Court holding that Pennyslvania is a reciprocal state. We must, therefore, turn to the UILA to determine whether the Fifteenth Judicial District Court has subject matter jurisdiction over the present claims.

Louisiana Revised Statutes 22:760 contains the relevant provision within the UILA for claims asserted against foreign insurers, stating as follows:

> A. In a delinquency proceeding in a reciprocal state against an insurer domiciled in that state, claimants, against such insurer, who reside within this state may file claims either with the ancillary receiver,

---

[3]The two model laws are "the Uniform Insurers Liquidation Act (UILA) proposed in 1939 by the National Conference of Commissioners on Uniform State Laws, and the superseding Insurers Rehabilitation and Liquidation Model Act proposed in 1978, and since amended, by the National Association of Insurance Commissioners" *Id*. at 370.

if any, appointed in this state, or with the domiciliary receiver. All such claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceeding.

B. Controverted claims belonging to claimants residing in this state may either (1) be proved in the domiciliary state as provided by the law of that state, or (2) if ancillary proceedings have been commenced in this state, be proved in those proceedings. In the event that any such claimant elects to prove his claim in this state, he shall file his claim with the ancillary receiver in the manner provided by the law of this state for the proving of claims against insurers domiciled in this state, and he shall give notice in writing to the receiver in the domiciliary state, either by registered mail or by personal service at least forty days prior to the date set for hearing. The notice shall contain a concise statement of the amount of the claim, the facts on which the claim is based, and the priorities asserted, if any. If the domiciliary receiver, within thirty days after the giving of such notice, shall give notice in writing to the ancillary receiver and to the claimant, either by registered mail or by personal service, of his intention to contest such claim, he shall be entitled to appear or to be represented in any proceeding in this state involving the adjudication of the claim. The final allowance of the claim by the courts of this state shall be accepted as conclusive as to its amount, and shall also be accepted as conclusive as to its priority, if any, against special deposits or other security located within this state.

Thus, the application of La.R.S. 22:760 results in a limitation of jurisdiction over claims against an insurer to the state court of the receiver/liquidator of that insurer, when no ancillary receivership proceedings have commenced.

The liquidation proceedings involving Reliance were instituted in the state of Pennyslvania, the domiciliary state of Reliance's incorporation. There have been *no ancillary proceedings* instituted in Louisiana. Therefore, pursuant to the provisions of La.R.S. 22:760, the Louisiana district court is divested of subject matter jurisdiction over the claims against Reliance. For the foregoing reasons, we find that the trial court's determination that it lacked subject matter jurisdiction over the claims asserted against Reliance was legally correct.[4] We, therefore, affirm the trial court's granting of the exception of lack of subject matter jurisdiction in favor of Reliance.

---

[4]The issue of subject matter jurisdiction presented by Chavers on appeal involves a question of law. Questions of law are reviewed under the *de novo* standard of review. *La. Mun. Ass'n v. State*, 04-227 (La. 1/19/05), 893 So.2d 809. Therefore, we must determine whether the court below was legally correct. *City of New Orleans v. Bd. of Comm'r of Orleans Levee Dist.*, 93-690 (La. 7/5/94), 640 So.2d 237.

6

**Jurisdiction Over the Person**

Chavers also assigns as an error of the trial court, the trial court's failure to consider whether the Commonwealth Court fully and fairly considered its jurisdiction over the person of Ronald Chavers.

Louisiana Code of Civil Procedure Article 6 defines personal jurisdiction as "the legal power and authority of a court to render a personal judgment against a party to an action or proceeding." By definition, personal jurisdiction relates only to a party defendant *against* whom a judgment is sought. Therefore, the issue of personal jurisdiction only arises when a defendant asserts that a tribunal lacks the authority to exercise jurisdiction over his person. In the instant matter, the Chavers are plaintiffs. The Chavers are seeking a judgment against Reliance. Thus, the Commonwealth Court's personal jurisdiction over Chavers is of no consequence. The issue is the exclusive jurisdiction of that court over Reliance. We find no merit to Chavers's assertion that the trial court erred in not considering Pennsylvania's jurisdiction over the person of Ronald Chavers.

**Motion for Summary Judgment**

"Appellate courts review summary judgments *de novo,* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Richard v. Hall*, 03-1488, p.4 (La. 4/23/04), 874 So.2d 131, 137 (citing *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783). The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

*Admissibility of Affidavit*

Chavers contend that the trial court erred in considering the affidavit of Ken

Freeman (Freeman) in support of Associate's motion for summary judgment on the grounds that the affidavit was not based upon his personal knowledge as required by La.Code Civ.P. art 967. We find no merit to this assertion.

The affidavit of Freeman expressly states that he is the senior vice-president of CitiCapital and that CitiCapital purchased Associates subsequent to the accident at issue. The trial court noted that Freeman's position as senior vice-president demonstrated his competence to testify as to the substance within his affidavit, the crux of which evidenced the fact that Associates never took possession of the vehicle nor did it exercise any control over it.[5] We agree with the trial court that Freeman, in his capacity as senior vice-president of CitiCapital, had the requisite knowledge to attest to the contents of his affidavit. We, therefore, affirm the ruling of the trial court that the affidavit of Ken Freeman was admissible in support of Associates' motion for summary judgment.

*Liability of Associates*

Chavers did not assert any negligent act or omission by Associates as a cause of the accident in question. Rather, Chavers's claims against Associates are premised on its ownership of the truck which Ronald Chavers was driving at the time of the accident. Associates filed a motion for summary judgment contending that its status as an owner of the vehicle is insufficient for the imposition of liability under Louisiana law. We agree.

The record reveals that in 1990 Associates purchased the truck at issue for the purpose of leasing it to Bright Leasing pursuant to a "TRAC" leasing agreement[6] between the parties. The vehicle was purchased by Associates as part of a block of

---

[5]We also note that the testimony of Freeman was corroborated by the terms of the lease agreement as well as the testimony obtained in the corporate deposition of Bright Leasing. Moreover, Chavers did not put forth any contradictory evidence on this issue.

[6]According to the record, a "TRAC" lease is a lease financing arrangement that confers certain tax advantages to both the owner/lessor and the lessee.

vehicles which had been ordered by Bright Leasing. Associates never took possession of the vehicle. Instead, the vehicle was shipped directly from the dealer to Bright Leasing. In 1993, Bright Leasing subleased the truck to Ronald Chavers's employer, Profco. It was approximately two years later, in 1995, that the vehicle was involved in the subject accident allegedly due to defective brakes.

Associates' status as the owner of the truck in and of itself does not render it strictly liable under Louisiana law for damages resulting from an alleged defect in the vehicle. Louisiana Code of Civil Procedure Article 2317 provides, in pertinent part, that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." The element of "custody" under La.Civ.Code art. 2317, was recently summarized by the supreme court as follows:

> [La.Civ.Code] art. 2317 provides: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. . . ." In *Doughty v. Insured Lloyds Ins. Co.*, 576 So.2d 461, 464 (La.1991), this Court explained:

>> This article imposes strict liability based on a person's relationship of custody (garde) to a defective thing which creates an unreasonable risk of injury to others. *King v. Louviere*, 543 So.2d 1327, 1329 (La.1989); *Loescher v. Parr*, 324 So.2d 441, 446 (La.1975). As a general principle, the guardian is in a better position than the innocent victim to detect, evaluate and take steps to eliminate an unreasonable risk of harm arising in a defective thing. *Ross* [*v. La Costa de Monterville*], 502 So.2d [1026,] 1032 [(La.1987)]; *Kent v. Gulf States Utilities Co.*, 418 So.2d 493, 497 n. 5 (La.1982). In *King*, we determined that "[t]he things in one's care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them." *King*, 543 So.2d at 1329.

> Moreover, this Court explained that "[u]nder most circumstances ownership alone establishes the requisite benefit, control and authority to find garde." *Doughty*, 576 So.2d at 464. However, although ownership creates the presumption of garde, this presumption is rebuttable by the owner. Finally, whether the law imposes a duty of garde upon a party is a factual inquiry based upon the determination of

9

(1) what benefit the party received from the thing, and (2) what kind of direction and control the party had over it. *Doughty*, 576 So.2d at 464.

> Essential to a finding of liability under article 2317 is a finding of the defendant's relationship of custody to the defective thing.

*Giorgio v. Alliance Operating Corp*. 05-02, p. 13 (La. 1/19/06), 921 So.2d 58, 73. Thus, the jurisprudence is clear that custody and ownership are not synonymous. Under La.Civ.Code art. 2317, "[l]iability is imposed based on custody or garde, not just ownership." *Dupre v. City of New Orleans*, 99-3651, p. 7 (La. 8/31/00), 765 So.2d 1002, 1008.

As set forth above, the uncontested facts are that Associates never did have physical possession of the vehicle nor did Associates have control over it.[7] Therefore, Associates did not have the requisite "custody" under La.Civ.Code art. 2317 for the imposition of liability. We agree with the trial court that there was no genuine issue of material fact as to the control or custody of the truck and that Associates is not liable as a matter of law for the damages allegedly sustained by Chavers. Therefore, the judgment of the trial court granting the motion for summary judgment in favor of Associates is affirmed.

### DECREE

For the foregoing reasons, the judgment of the trial court granting the exception of lack of subject matter jurisdiction in favor of Reliance Insurance Company is affirmed. The judgment of the trial court granting the motion for summary judgment in favor of Associates Leasing, Inc. is also affirmed.

Costs of this appeal are assessed against Plaintiffs/Appellants, Ronald K. Chavers, individually, and as tutor of the minors, Christopher Shane Chavers and Megan Elizabeth Chavers, and Gloria Chavers, individually.

**AFFIRMED.**

---

[7]Paragraph one of the TRAC lease gave Bright Leasing "full and complete control" of the vehicle as well as the responsibility for the expenses associated with the operation and maintenance of the vehicle.

10