STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-831

CHRISTOPHER G. BRADFORD

VERSUS

AVOYELLES PARISH SHERIFF DEPT., ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2016-3012-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Marc T. Amy, D. Kent Savoie, and Van H. Kyzar, Judges.

MOTION TO STRIKE GRANTED; AFFIRMED.

**H. Bradford Calvit**
**Provosty, Sadler & deLaunay, APC**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 767-3133**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
> **Avoyelles Parish Sheriff Department**
> **Doug Anderson, Sheriff of Avoyelles Parish**
> **Deputy Ernest Rabalais**
> **Deputy Darren Bordelon**
> **Deputy Cynthia Manuel**

**Derrick M. Whittington**
**Whittington Law Firm**
**P. O. Box 127**
**Marksville, LA 71351**
**(318) 253-5852**
**COUNSEL FOR DEFENDANT/APPELLEE:**
> **City of Marksville**

**Christopher G. Bradford**
**595 Legion Drive**
**Marksville, LA 71351**
**(318) 264-2644**
**IN PROPER PERSON:**
> **Christopher G. Bradford**

**SAVOIE, Judge.**

Christopher G. Bradford appeals two judgments of the trial court, granting the Exceptions of No Cause of Action and Prescription filed by the defendants and dismissing Bradford's claims. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Christopher G. Bradford filed a Suit for Money Owed in the trial court on May 5, 2016, naming "(APSO) Avoyelles Parish Sheriff Department, Officers, ET AL" as defendants. In the petition, he alleged that he was arrested by the Avoyelles Parish Sheriff Department on August 2, 2013, and was later released to the "Marksville Sheriff Department." He alleges that while he was in the transportation van, he had a seizure and was refused medical treatment. He requested one hundred thousand dollars ($100,000.00) in damages for "refusal of medical Attention, definition [sic] of Character, [and] attempted manslaughter." In his prayer he cited "Doug Anderson Sheriff Department (APSO)Marksville, LA" to appear, and he later requested that Avoyelles Parish Deputies Ernest Rabalais, Darren Barlone, and Cathina Manuel be served with the petition.

In response, the City of Marksville filed a Peremptory Exception of No Cause of Action and Prescription, which was set for hearing on June 20, 2016. The exceptions were orally granted, with Bradford appearing in proper person. Judgment was signed on July 5, 2016. This is one of the judgments that Bradford now appeals.

Doug Anderson, Sheriff of Avoyelles Parish, and the Avoyelles Parish Sheriff Department also filed Peremptory Exceptions of No Cause of Action and Prescription. In addition, a Peremptory Exception of Prescription was filed by Deputies Ernest Rabalais, Darren Bordelon and Cynthia Manuel. These were set

for hearing on June 27, 2016. After allowing Bradford thirty days to obtain counsel, the trial court rendered judgment on August 2, 2016, granting the exceptions. Bradford now appeals this judgment, as well.

The Avoyelles Parish Sheriff Department, Sheriff Doug Anderson, and Deputies Ernest Rabalais, Darren Bordelon, and Cynthia Manuel filed a Motion and Order to Strike in this court, requesting this court enter an order striking the documents attached to Bradford's Appellant Brief, Notice of Appeal and Suit for Money Owed.

## DISCUSSION

I. *Motion to Strike*

We must first address the defendants' motion to strike the documents attached to Bradford's Appellant Brief, Notice of Appeal and Suit for Money Owed. Defendants complain that the documents were not introduced into evidence at the hearing on the exceptions, and, therefore, should not be considered by this court. We agree that these documents should not be considered.

This court in *Chavers v. Bright Truck Leasing*, 06-1011, pp. 2-3 (La.App. 3 Cir. 12/6/06), 945 So.2d 838, 841, *writ denied*, 07-304 (La. 4/5/07), 954 So.2d 141 (alteration in original), addressed this issue finding:

> Pursuant to La.[Code Civ.]P. art. 2164, an appellate court must render its judgment *upon the record on appeal.* The *record on appeal* is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La.[Code Civ.]P. arts. 2127 and 2128; Official Revision Comment (d) for La.[Code Civ.]P. art. 2127. An appellate court cannot review *evidence* that is not in the *record on appeal* and cannot receive new evidence. *Davis v. Anderson,* 451 So.2d 1302 (La.App. 1st Cir.1984).

*Tranum v. Hebert,* 581 So.2d 1023, 1026 (La.App. 1 Cir.1991), *writ denied,* 584 So.2d 1169 (La.1991). Additionally, "[t]he appellate briefs of the parties are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal." *Id.* at 1027 (citing *Capital Drilling Co. v. Graves,* 496 So.2d 487 (La.App. 1 Cir.1986); *Fred H. Moran Constr. Corp. v. Elnaggar,* 441 So.2d 260 (La.App. 1 Cir.1983)).

The documents at issue were not introduced as evidence at the hearings on the exceptions. As such, we cannot consider them. The Motion and Order to Strike is granted.

I. *Exception of Prescription*

As we stated in *Arton v. Tedesco,* 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied,* 15-1065 (La. 9/11/15), 176 So.3d 1043 (citations omitted):

> The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not.

In the instant case, no evidence was adduced at either the June 20, 2016 hearing on exceptions or the June 27, 2016 hearing on exceptions. Therefore, our standard of review is whether the ruling of the trial court was legally correct.

The prescriptive period for a delictual action is governed by La.Civ.Code art. 3492 which provides, in part that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

3

In his Suit for Money Owed, Bradford states that his cause of action arises out of an incident which occurred on April 3, 2013. Bradford was asked directly by the court during the June 27, 2016 hearing whether that date was correct, and he was responded that it was. Suit was filed May 5, 2016. This is over three years after the date of the alleged injury and well past the one-year liberative prescription period. On the face of the pleadings, this case is prescribed.

If the case is prescribed on the face of the pleadings, the burden shifts to the plaintiff to prove that it, in fact, has not prescribed. Bradford did not bear this burden. He did not file any evidence into the record at either hearing. At the June 27, 2016 hearing, the trial court asked Bradford why he waited so long to file suit. Bradford responded that he filed another case in Alexandria, Louisiana arising out of the same incident. It is unclear how this prevented him from filing the present suit. He also mentioned false information that he was given regarding the arrest, but he doesn't explain how it impacted his ability to file this matter. Bradford was present on the date that he was arrested and transported. Therefore, he was clearly aware of Defendants' alleged actions.

This case is prescribed on the face of the pleadings; therefore, it is Bradford's burden to prove that the case has not prescribed. He did not meet this burden. For these reasons, the trial court's rulings on the defendants' exceptions of prescription are legally correct. Consequently, the trial court's rulings on the defendants' exceptions of no cause of action are rendered moot.

**DECREE**

For the foregoing reasons, the motion to strike filed by the Avoyelles Parish Sheriff Department, Sheriff Doug Anderson, and Deputies Ernest Rabalais, Darren Bordelon, and Cynthia Manuel is granted. The trial court's judgments dated July 5,

4

2016 and August 2, 2016, granting the exceptions of prescription filed by the defendants are affirmed.  All costs of this appeal are assessed to Christopher G. Bradford.

**MOTION TO STRIKE GRANTED;  AFFIRMED.**