# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-241

LONNIE REESE

VERSUS

DRESSER VALVE INDUSTRIES

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO.  06-03942
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.

**MOTION TO STRIKE GRANTED.**
**JUDGMENT AFFIRMED.**

Lonnie Reese
176 Huntington Drive
Pineville, Louisiana 71360
(318) 640-4834
PLAINTIFF/APPELLANT:
    In Proper Person

Christopher P. Ieyoub
Plauche′, Smith & Nieset, LLC
1123 Pithon Street
Post Office Drawer 1705
Lake Charles, Louisiana 70602-1705
(337) 436-0522
COUNSEL FOR DEFENDANTS/APPELLEES:
    Dresser Valve Industries and
    CNA Insurance Company

**GENOVESE, Judge.**

In this workers' compensation case, Claimant, Lonnie Reese, appeals the judgment of the Office of Workers' Compensation in favor of his employer, Dresser Valve Industries, and its workers' compensation insurer, CNA Insurance Company (collectively Dresser), denying his claim for mileage reimbursement and denying his allegation of improper calculation of his workers' compensation rate due to a prior social security offset. Also before this court is Dresser's Motion to Strike the exhibits appended to Mr. Reese's appellate brief, which motion was referred to the merits of this appeal. For the following reasons, we grant the Motion to Strike, and we affirm the judgment.

## FACTS

Mr. Reese was injured on January 8, 1987, while in the course and scope of his employment with Dresser. On June 19, 2006, Mr. Reese filed a Disputed Claim for Compensation (1008), alleging that Dresser failed to properly pay mileage expenses that Mr. Reese incurred in connection with his medical treatment and the filling of his prescriptions. On July 21, 2008, Mr. Reese amended his 1008 to further allege that his workers' compensation rate was incorrect.

Following trial on December 1, 2009, the Workers' Compensation Judge (WCJ) ruled in favor of Dresser on both issues and signed a judgment on December 16, 2009. Mr. Reese appeals. In connection with the present appeal, Dresser has filed a Motion to Strike the exhibits appended to Mr. Reese's appellate brief.

## ISSUES

The issues presented by Mr. Reese on appeal include his entitlement to "[m]ileage reimbursement for doctors visits and prescription pick-ups" and whether the "[s]ocial [s]ecurity offset [was] taken incorrectly."

## LAW AND DISCUSSION

**Motion to Strike**

Dresser filed a Motion to Strike, asserting that the three exhibits appended to Mr. Reese's appellate brief are "an improper offering" on appeal. Dresser argues that pursuant to La.Code Civ.P. arts. 2128[1] and 2164,[2] this court is precluded from considering these exhibits which are not part of the trial court record. We agree.

> Pursuant to La.[Code Civ.]P. art. 2164, an appellate court must render its judgment *upon the record on appeal*. The *record on appeal* is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La.[Code Civ.]P. arts. 2127 and 2128; Official Revision Comment (d) for La.[Code Civ.]P. art. 2127. An appellate court cannot review *evidence* that is not in the *record on appeal* and cannot receive new evidence. *Davis v. Anderson*, 451 So.2d 1302 (La.App. 1st Cir.1984).

*Tranum v. Hebert*, 581 So.2d 1023, 1026 (La.App. 1 Cir.1991), *writ denied*, 584 So.2d 1169 (La.1991). Additionally, "[t]he appellate briefs of the parties are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal."

---

[1]Louisiana Code of Civil Procedure article 2128 provides:

> The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.

[2]Louisiana Code of Civil Procedure article 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

*Id.* at 1027 (citing *Capital Drilling Co. v. Graves*, 496 So.2d 487 (La.App. 1 Cir.1986); *Fred H. Moran Constr. Corp. v. Elnaggar*, 441 So.2d 260 (La.App. 1 Cir.1983)).

*Chavers v. Bright Truck Leasing*, 06-1011, pp. 2-3 (La.App. 3 Cir. 12/6/06), 945 So.2d 838, 841, *writ denied*, 07-304 (La. 4/5/07), 954 So.2d 141.

In the instant matter, the record reveals that the exhibits attached to Mr. Reese's appellate brief were not introduced at the trial of this matter and are not part of the trial court record. These exhibits are, therefore, not properly before this court for consideration. Consequently, Dresser's Motion to Strike is granted.

**Mileage Reimbursement**

Mr. Reese confirmed at trial that he had been paid mileage from the date of his injury through June of 2006. Notably, on the mileage reimbursement he was seeking, he admitted at trial that he had failed to submit the necessary documentation to Dresser since June of 2006. The transcript contains the following colloquy:

JUDGE BRADDOCK:

Okay. Now, what evidence do you have to demonstrate that you have been improperly paid or not paid and what mileage you claim is due to you?

MR. REESE:

Well, I have no evidence of anything, because I have nothing that they sent me. They sent me no money for mileage, because I couldn't get them to file it. I sent it in, they sent it back. . . .

JUDGE BRADDOCK:

Well, apparently they have not done what you'd like for them to do.

MR. REESE:

Yes, sir.

JUDGE BRADDOCK:

And so you've sued them about that.

3

MR. REESE:

Yes, sir.

JUDGE BRADDOCK:

And so we need some evidence to substantiate your claims against them.

MR. REESE:

I don't understand what kind of evidence you would want. I could fill out any kind of paperwork and bring in to you and say this [is] what they didn't pay, but it wouldn't be evidence[,] it would be something I wrote on a paper that I say that they owe me. That's it, that's not evidence.

When questioned by counsel for Dresser, Mr. Reese reiterated that he had failed to submit any documentation to Dresser for reimbursement of mileage expense since 2006.

Louisiana Revised Statutes 23:1203(D) provides that an "employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services, medicines, and prosthetic devices, which the employer is required to furnish under this Section[.]" Although recoverable, "a claimant must present evidence of such expenses, such as 'the actual cost of a trip to the hospital or doctor's office or the number of miles traveled for such a trip.'" *Lang-Parker v. Unisys Corp.*, 00-880, p. 16 (La.App. 1 Cir. 10/5/01), 809 So.2d 441, 452 (quoting *Gentile v. Baton Rouge Gen. Med. Ctr.*, 95-348 (La.App. 1 Cir. 11/9/95), 665 So.2d 422, 429). *See also Brown v. Big Star of Bastrop, Inc.*, 31,530 (La.App. 2 Cir. 1/29/99), 728 So.2d 541; *Lemoine v. Hessmer Nursing Home,* 94-836 (La.App. 3 Cir. 3/1/95), 651 So.2d 444.

In the case at bar, Mr. Reese presented absolutely no evidence of the expenses he allegedly incurred. Additionally, he admitted under cross-examination that he had

4

not submitted any documentation to Dresser for mileage reimbursement from 2006 up through the filing of his amended 1008 in July of 2008. In the absence of such proof, Mr. Reese has failed to prove his entitlement to mileage reimbursement. Therefore, the WCJ was not manifestly erroneous[3] in denying Mr. Reese's claim for mileage reimbursement.

**Workers' Compensation Rate/Social Security Offset**

Mr. Reese asserts that beginning in 1997 he was paid an incorrect workers' compensation rate. He explained at trial that beginning in 1997 a social security offset was taken, and "it was done wrong." However, Mr. Reese admitted that a hearing was held in connection therewith. Additionally, he admitted that he received payment of a $2,000.00 penalty that was assessed to Dresser in connection with the issues raised at that hearing. Notably, Mr. Reese introduced no evidence on this issue at trial.

In defending this claim, Dresser introduced a judgment dated July 14, 1997, following a trial on April 3, 1997, decreeing that Dresser was entitled to "an offset," effective April 3, 1997, "in accordance with those figures stipulated to at trial." The WCJ relied upon the July 14, 1997 judgment in denying Mr. Reese's present claims, stating that the judgment "indicates that a hearing regarding [the] [s]ocial [s]ecurity [o]ffset was held on April 3rd of 1997." Additionally, the WCJ noted that Mr. Reese was present at the hearing, albeit without counsel. Noting the express language of the judgment, and Mr. Reese's failure to appeal that judgment, the WCJ judge concluded that the only evidence before the court on this issue was the "[j]udgment in July of 1997[,] which is a final [j]udgment."

---

[3]The standard of review to be applied by an appellate court when reviewing factual findings of a WCJ is that of manifest error/clearly wrong. *Cormier v. State, Dep't of Wildlife and Fisheries*, 07-642 (La.App. 3 Cir. 11/21/07), 970 So.2d 1216, *writ denied*, 07-2466 (La. 2/15/08), 976 So.2d 186.

Although Mr. Reese argues on appeal that the amount of the social security offset being taken since 1997 was incorrect, Dresser notes that Mr. "Reese presented zero evidence at trial as to the alleged impropriety of the offset." Dresser also contends that Mr. "Reese stipulated to the amount of the offset in 1997 and stipulated judgments cannot be appealed." Finally, Dresser argues that "[t]he 1997 [j]udgment stipulating the amount of the offset is a final judgment and serves as the law of the case on the issue." We agree.

Based upon the record of these proceedings, we find that the WCJ properly denied Mr. Reese's claim of an incorrect calculation of his workers' compensation rate resulting from a prior social security offset. We find no manifest error in the December 16, 2009 judgment decreeing Mr. Reese's "compensation rate of $180.97 [to be] the proper rate pursuant to stipulated judgment dated July 14, 1996."

## **DECREE**

For the foregoing reasons, the Motion to Strike filed by Dresser Valve Industries and CNA Insurance Company is granted. The judgment of the Office of Workers' Compensation of December 16, 2009, is affirmed. Costs of this appeal and the Motion to Strike are assessed to Lonnie Reese.

**MOTION TO STRIKE GRANTED.**
**JUDGMENT AFFIRMED.**

6