STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-903

PATRICIA ANN WHERLAND, ET UX.

VERSUS

CARL P. FASTABEND, M.D.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-1968
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Gremillion, J., dissents and assigns written reasons.

S. Stephen Spring, II
Spring & Spring, LLC
733 East Airport Ave., Suite 104
Baton Rouge, LA 70806
(225) 932-9671
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Patricia Ann Wherland
    Fred Wherland


John Gregory Bergstedt
Fraser, Wheeler, & Bergstedt
P. O. Box 4886
Lake Charles, LA 70606
(337) 478-8595
COUNSEL FOR DEFENDANT APPELLEE:
    Carl P. Fastabend, M.D.

**PETERS, J.**

In this medical malpractice case, the plaintiffs, Patricia Ann Wherland and Fred Wherland, appeal the trial court's order granting an exception of prescription to the defendant, Dr. Carl A. Fastabend, and dismissing their claims against the doctor. For the following reasons, we affirm the trial court's judgment in all respects.

## DISCUSSION OF THE RECORD

Fred Wherland and Patricia Ann Wherland are husband and wife. The petition filed against Dr. Fastabend establishes that Mrs. Wherland was injured in an automobile accident in the summer of 1996, and sometime thereafter she began treatment with Dr. Fastabend for the injuries sustained in the accident. The doctor prescribed Xanax for her anxiety associated with the accident and, during his treatment of Ms. Wherland through November of 2004, continued to prescribe Xanax. When Ms. Wherland last saw Dr. Fastabend in November of 2004, he refused to increase her prescription dosage. In January of 2005 she visited another physician but, because his treatment did not seem to be helping, she attempted to return to Dr. Fastabend in February of 2005. At that time, she was informed by Dr. Fastabend's office representative that he would no longer see her and would no longer prescribe any Xanax to her.

While the plaintiffs' petition does not reference the date they submitted their claims to a medical review panel pursuant to the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41-40:1299.49, we know from the briefs filed by both sides that it was submitted January 6, 2006. Additionally, the exception of prescription filed by Dr. Fastabend, as well as the briefs filed by the parties, establish that the panel returned its opinion in Dr. Fastabend's favor on April 22, 2008, and that the plaintiffs received the opinion on April 25, 2008. The plaintiffs then filed suit against Dr. Fastabend on April 22, 2009.

Dr. Fastabend responded to the suit by filing an exception of prescription pursuant to La.R.S. 9:5628. The litigants agreed to submit the matter on the record and briefs, and the trial court granted the exception of prescription. In their sole assignment of error, the plaintiffs assert that the trial court erred in granting the exception of prescription.

**OPINION**

Louisiana Code of Civil Procedure Article 931 provides that evidence may be introduced to establish or defeat an exception of prescription. In this case, the litigants submitted the prescription issue to the trial court on briefs and introduced no evidence to support their positions, although they did agree on the dates associated with the medical review panel submission.[1] In the absence of evidence, the trial court must decide an exception of prescription based upon the facts alleged in the petition, accepting all allegations as true. *Cichirillo v. Avondale Industries, Inc.*, 04-2894 (La. 11/29/05), 917 So.2d 424.

Prescription in a medical malpractice case is governed by La.R.S. 9:5628. That statute provides in pertinent part that "[n]o action for damages for injury or death against any physician . . . arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect." La.R.S. 9:5628(A). Additionally, "in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect." *Id.*

The Louisiana Medical Malpractice Act requires that all claims against qualified health care providers be instituted by filing a request for review with the Division of Administration. La.R.S. 40:1299.47. During the pendency of the review, prescription is suspended, and that suspension lasts until 90 days after the claimant or

---

[1] Dr. Fastabend's April 26, 2010 brief addressing his argument on the exception of prescription lists five exhibits that he "would offer and introduce [as] evidentiary exhibits," none of those documents were attached to the brief or introduced into evidence at the hearing.

2

her attorney is notified of the medical review panel's opinion by certified mail. La.R.S. 40:1299.47(A)(2)(a). "The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension." La.Civ.Code art. 3472. This contrasts with the interruption of prescription, the effect of which is to commence prescription "to run anew from the last day of interruption." La.Civ.Code art. 3466.

In considering the appeal before us, we must first determine who had the burden of proof on this exception. "Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed." *Carter v. Haygood*, 04-646, pp. 8-9 (La. 1/19/05), 892 So.2d 1261, 1267 (citations omitted).

The plaintiffs' petition establishes a filing date of April 22, 2009. For the purpose of this exception, we accept as true the allegations of the petition that Mrs. Wherland last saw Dr. Fastabend in November of 2004 and that her last contact with his office was in February of 2005. Additionally, for the purpose of this analysis, we accept as true the agreed-upon dates associated with the medical review panel.

Because their suit was filed more than four years from the last time Mrs. Wherland had contact with Dr. Fastabend's office, it is evident that the plaintiffs' claims have prescribed on the face of the petition. La.R.S. 9:5628. Thus, the burden shifted to the plaintiffs to show that their claims had not prescribed. To that end, the agreed-upon dates found in the litigants' briefs establish that the plaintiffs timely requested a medical review panel pursuant to La.R.S. 40:1299.41 and that the ninety-day suspensive period provided for in La.R.S. 40:1299.47(A)(2)(a) began to run on April 25, 2008. Thus, prescription on their claims began to run again on July 25, 2008.

Assuming Mrs. Wherland last contacted Dr. Fastabend's office on February 28, 2005, by the time the plaintiffs requested the medical review panel, 312 days had

lapsed for prescription purposes. Thus, they had only fifty-three days remaining to file suit when prescription began to run again on July 25, 2008. The April 22, 2009 filing was clearly in excess of the fifty-three day limit.

The plaintiffs argue in brief that they did not discover their claims for damages until sometime between Mrs. Wherland's last contact with Dr. Fastabend's office in February of 2005 and January 6, 2006, when they submitted their claims to a medical review panel. They assert that under the doctrine of *contra non valentem*, which is codified in La.R.S. 9:5628, prescription did not begin to run until they discovered Dr. Fastabend's act, omission, or neglect. However, in making this argument, the plaintiffs ignore the fact that their claim has prescribed on the face of their petition, that the burden shifted to them to establish a date of discovery such that the doctrine can be evaluated, and that the record includes no evidence of a date of discovery. We find no merit in this argument.

Finally, as an alternate argument, the plaintiffs assert that prescription was interrupted when the matter was submitted to the medical review panel and that it began to run anew ninety days after receipt of the panel's decision. We have already addressed the fact that, pursuant to La.R.S. 40:1299.47(A)(2)(a), prescription was suspended during the pendency of the analysis of the claim by the medical review panel and, as provided by La.Civ.Code art. 3472, began to run again when the suspension was terminated. We find no merit in this argument.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of Dr. Carl P. Fastabend's exception of prescription and dismissal of the plaintiffs' claims. We assess all costs of this appeal against Fred Wherland and Patricia Ann Wherland.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-903

PATRICIA ANN WHERLAND, ET UX.

VERSUS

CARL P. FASTABEND, M.D.

**GREMILLION, Judge, dissents and assigns written reasons.**

I respectfully dissent, first of all, because the record before us is deficient. It contains a petition and some briefs, but no evidence.

A trial court can determine if a medical malpractice claim has prescribed once it knows the following four dates:

1. The date the alleged malpractice occurred and/or was discovered;

2. The date the plaintiff filed a request for review by a medical review panel;

3. The date the plaintiff's attorney was notified of the medical review panel's opinion; and

4. The date suit was filed.

The defendant/exceptor bears the burden of proof with regard to this peremptory exception, and it should not be shifted to the plaintiff unless all four of those dates are in the petition.

The date of the alleged malpractice and/or its discovery is not in the petition. The majority settles on February 28, 2005 as the last possible date for this event based on the allegations of the petition that the plaintiff's last contact with the doctor was in February 2005. We cannot, however, say conclusively that the plaintiff's discovery of this alleged malpractice coincided with either her last treatment by and/or contact with the doctor. Her claim is that Dr. Fastabend over

prescribed addictive medication to her. Accordingly, unless either Dr. Fastabend or someone in his employ told her that he was over-prescribing medication at the time of the last visit or the last contact, those dates are simply not dispositive. It seems far more likely to this dissentor that she would have discovered this alleged malpractice once it was suggested to her by other healthcare providers after she was no longer treating with Dr. Fastabend.

The record discloses neither the date the medical review panel was requested nor the date the plaintiff was notified of the medical review panel's opinion. As a matter of pragmatics, the majority relies on dates contained in various memoranda filed by the litigants at the trial court. In so doing, the majority takes the position that what it calls the "agreed upon dates" in those memoranda would be consistent with the evidence if that evidence existed in this record. I subscribe to the belief that, somewhere along the way, either the trial court and/or this court should require the necessary evidence.

This court has refused to even consider exhibits attached to memoranda that were not technically introduced into evidence. *See Reese v. DresserValve Ind.*, 10-241 (La.App. 3 Cir. 10/6/10), 48 So.3d 406. We have also refused to consider facts asserted in briefs, because briefs are not part of the record on appeal. *Id.* We recently affirmed these principles in *Brielle's Florist & Gifts, Inc. v Trans Tech, Inc.*, 11-260 (La.App. 3 Cir. 10/5/11), 74 So.3d 833.

The defendant's burden to prove that this claim prescribed would have shifted to the plaintiff had the petition clearly set forth the four necessary dates. Because the petition, in fact, only set out one of those four dates, the burden never shifted away from the defendant. Obviously, without a single piece of evidence presented in this record, the defendant's burden was not met. Accordingly, I would have reversed the trial court.

2