GREMILLION, Judge,
dissents and assigns written reasons.
__JjI respectfully dissent, first of all, because the record before us is deficient. It contains a petition and some briefs, but no evidence.
A trial court can determine if a medical malpractice claim has prescribed once it knows the following four dates:
1. The date the alleged malpractice occurred and/or was discovered;
2. The date the plaintiff filed a request for review by a medical review panel;
3. The date the plaintiffs attorney was notified of the medical review panel’s opinion; and
4. The date suit was filed.
The defendant/exeeptor bears the burden of proof with regard to this peremptory exception, and it should not be shifted to the plaintiff unless all four of those dates are in the petition.
The date of the alleged malpractice and/or its discovery is not in the petition. The majority settles on February 28, 2005 as the last possible date for this event based on the allegations of the petition that the plaintiffs last contact with the doctor was in February 2005. We cannot, however, say conclusively that the plaintiffs discovery of this alleged malpractice coincided with either her last treatment by and/or contact with the doctor. Her claim is that Dr. Fastabend over ^prescribed addictive medication to her. Accordingly, unless either Dr. Fastabend or someone in his employ told her that he was over-prescribing medication at the time of the last visit or the last contact, those dates are simply not dispositive. It seems far more likely to this dissentor that she would have discovered this alleged malpractice once it was suggested to her by other healthcare providers after she was no longer treating with Dr. Fastabend.
The record discloses neither the date the medical review panel was requested nor the date the plaintiff was notified of the medical review panel’s opinion. As a matter of pragmatics, the majority relies on dates contained in various memoranda filed by the litigants at the trial court. In so doing, the majority takes the position that what it calls the “agreed upon dates” in those memoranda would be consistent with the evidence if that evidence existed in this record. I subscribe to the belief that, somewhere along the way, either the trial court and/or this court should require the necessary evidence.
This court has refused to even consider exhibits attached to memoranda that were not technically introduced into evidence. See Reese v. Dresser Valve Ind., 10-241 (La.App. 3 Cir. 10/6/10), 48 So.3d 406. We have also refused to consider facts asserted in briefs, because briefs are not part of the record on appeal. Id. We recently affirmed these principles in Brielle’s Florist & Gifts, Inc. v. Trans Tech, Inc., 11-260 (La.App. 3 Cir. 10/5/11), 74 So.3d 833.
The defendant’s burden to prove that this claim prescribed would have shifted to the plaintiff had the petition clearly set forth the four necessary dates. Because the petition, in fact, only set out one of those four dates, the burden never shifted away from the defendant. Obviously, without a single piece of evidence presented in this record, the defendant’s burden was not met. Accordingly, I would have reversed the trial court.