79 A.3d 1003

**D.A.M. CARPENTRY CORP., et al.**

v.

**Gerald SCRUGGS.**

**No. 1614, Sept. Term, 2012.**

Court of Special Appeals of Maryland.

Nov. 21, 2013.

Sarah M. Burton (Jeffrey W. Ochsman, Friedlander, Misler, PLLC, on the brief), Washington, DC, for appellant.

Kevin H. Stillman (Chasen, Boscolo Injury Lawyers, on the brief), Greenbelt, MD, for appellee.

Panel: ZARNOCH, GRAEFF, IRMA S. RAKER (Retired, specially assigned), JJ.

RAKER, J.

D.A.M. Carpentry Corp. and Erie Insurance Group, appellants, appeal the Order of the Circuit Court for Montgomery County granting summary judgment in favor of Gerald

Scruggs, appellee, which entitled him to collect medical mileage under the Workers' Compensation Act. Before this Court, appellants present two questions for our review, which we have rephrased as one issue:

> Did the court err in awarding appellee medical mileage from August 3, 2009 through April 11, 2011, even though appellee was unable to produce receipts documenting the actual cost of travel to and from his medical appointments?

We shall reverse for the reasons set forth below.

### I.

On June 30, 2011, appellee, who has received workers' compensation benefits since 2001, filed a claim for reimbursement with his employer D.A.M. Carpentry Corp. and insurer Erie Insurance Group. Appellee requested mileage reimbursement for expenses he incurred traveling to and from medical appointments for treatment related to his work injuries. Appellants denied his claim because appellee failed to document the actual costs of his travel. Appellee filed the issue in dispute with the Workers' Compensation Commission ("Commission") on October 3, 2011. On January 20, 2012, the Commission held a hearing on appellants' denial of the claims. The Commission ruled in favor of appellee, ordering that the employer and insurer pay medical mileage. Appellants noted a petition for judicial review in the Circuit Court for Montgomery County. Both parties filed for summary judgment. After a hearing, the circuit court granted summary judgment in favor of appellee, affirming the order of the Commission. This timely appeal followed.

According to the record, on March 21, 2001, when appellee was employed as a foreman for D.A.M. Carpentry, he was injured on the job while helping his co-workers lift a wall. As a result of this injury, appellee suffers from neck and back pain that has prevented him from returning to work and for which he continues to receive medical treatment.

Appellee went to several medical appointments for his injuries between August 3, 2009 and April 11, 2011. He did not

drive himself to these appointments; rather, he took either a taxi, bus, Metro, Metro Access, or his mother drove him. He does not recall which mode of transportation he took to which appointment, nor did he retain any receipts for his travel.

Appellee's lawyer provided him with a form to submit to appellants to obtain reimbursement for travel to and from these appointments. The form, titled "Medical Travel Expense Form," had several columns. One column was for "round trip mileage." Another was titled "public trans/other," and asked for the inclusion of receipts. The form also explained that copies of supporting documents, such as cab and parking receipts, should be attached. Appellee submitted several copies of this form to appellants covering all of his appointments between August 3, 2009 and April 11, 2011. On each form, appellee filled out the "round trip mileage" column by indicating the miles to and from the appointment. Appellee left the "public trans/other" column blank, and did not include any receipts. Appellants refused to reimburse appellee's mileage, claiming that because he did not drive himself, he could not be reimbursed unless he retained receipts stating the actual cost of travel.

At the hearing before the Commission, appellee testified that he did not recall which mode of transportation he took to which appointment, only that he did not drive to any of them. He admitted that he did not retain any receipts for his travel on the dates for which he requested reimbursement. Appellee explained also that he was not asking to be reimbursed for his actual travel costs, but instead for miles traveled based on the Commission's prevailing mileage rate.

In finding for appellee, the circuit court relied on *Breitenbach v. N.B. Handy Co.*, 366 Md. 467, 484, 784 A.2d 569, 579 (2001). There, the Court of Appeals held that although Maryland Code (1991, 2008 Repl. Vol.) § 9–660 of the Labor & Employment Article [1] does not provide explicitly for mileage

---

1. All subsequent references to Maryland Code (1991, 2008 Repl. Vol.) herein shall be to the Labor & Employment Article.

reimbursement to injured workers, given its remedial nature, the statute should be given liberal construction and injured workers could recover the costs of travel to and from medical appointments. Applying this rule of liberal construction to the facts *sub judice,* the circuit court found that even though appellee retained no receipts for his travel, it was undisputed that he incurred costs in traveling to and from medical treatment. For this reason, the circuit court decided that appellee was entitled to be reimbursed based on the number of miles traveled to and from the appointments at the Commission's prevailing mileage rate.

## II.

Before this Court, appellants argue that the employee should bear the burden of producing evidence to support a claim for reimbursement. Appellee did not produce the receipts documenting the cost of his travel, and reimbursing him at the mileage rate is not reasonable or necessary under *Breitenbach.* Appellants cite workers' compensation cases from other jurisdictions demonstrating that an employer will only be liable for actual transportation expenses incurred by the employee, and that the employee must present evidence of those expenses. Appellants maintain that miles traveled cannot always be the correct rate for reimbursement, because if so, an employer could be required to reimburse an employee for miles traveled even when the employer provided transportation, and on the flip side, would never be required to reimburse an employee for hotel, airfare, or rental car costs incurred in traveling for medical treatment.

Appellee argues that an employee's mode of travel and costs incurred are irrelevant; the Commission's reimbursement scheme is based exclusively on miles traveled. Appellee maintains that the Commission's policy is to reimburse all at the same mileage rate. Appellee admits that if an employee required air travel or a rental car to attend an appointment, the employee could be entitled to reimbursement over and above the mileage rate if the employee could document why such expenses were incurred. Appellee also states that under

*Breitenbach,* § 9–660 should be liberally construed in favor of the injured worker, and that because the Commission was interpreting a statute that it administers, its decision below should be entitled to a degree of deference.

## III.

We review the circuit court's decision to grant summary judgment *de novo.* *Reiter v. Pneumo Abex, LLC,* 417 Md. 57, 67, 8 A.3d 725, 731 (2010). We review the record *de novo* and determine whether the parties generated a dispute of material fact and, if no, whether the moving party is entitled to judgment as a matter of law. *Id.*

▇▇▇ In this appeal from the judgment of the circuit court on judicial review of an administrative agency decision, we look "through" the decision of the circuit court and review the decision of the Commission. *See People's Counsel v. Country Ridge Shopping Ctr., Inc.,* 144 Md.App. 580, 591, 799 A.2d 425, 432 (2002). We review purely legal decisions of an administrative agency *de novo.* *See People's Counsel v. Loyola College in Md.,* 406 Md. 54, 67–68, 956 A.2d 166, 174 (2008). Even so, with respect to an agency's legal conclusions, we give "considerable weight" to the agency's "interpretation and application of the statute which the agency administers." *See Bd. of Physician Quality Assurance v. Banks,* 354 Md. 59, 69, 729 A.2d 376, 381 (1999).

Section 9–660, which provides for the compensation of injured workers, states in pertinent part, as follows:

"(a) In addition to the compensation provided under this subtitle, if a covered employee has suffered an accidental personal injury, compensable hernia, or occupational disease the employer or its insurer promptly shall provide to the covered employee, as the Commission may require:

(1) medical, surgical, or other attendance or treatment;

(2) hospital and nursing services;

(3) medicine;

(4) crutches and other apparatus; and

(5) artificial arms, feet, hands, and legs and other prosthetic appliances."

Section 9–660 does not explicitly require the compensation of injured workers for their travel expenses to and from medical appointments. In *Breitenbach,* the Court of Appeals decided that when § 9–660(a)(1), which requires payment for "other attendance or treatment," is read in light of the statute's remedial purpose with attention to the rule of liberal construction, it is broad enough to include reimbursement for travel to and from medical appointments. *Breitenbach,* 366 Md. at 480–84, 784 A.2d at 576–79. The Court held that "a workers' compensation claimant receiving medical treatment pursuant to an order of the Commission is entitled to be reimbursed the reasonable and necessary transportation expenses for travel to and from that medical treatment." *Id.* at 471, 784 A.2d at 572.

 The touchstone of the Court of Appeals' opinion in *Breitenbach* is that an employee will be reimbursed for transportation expenses that are "reasonable and necessary." The Commission has set a uniform mileage rate for reimbursement. *See* http://www.wcc.state.md.us/adjud_claims/comp_rates.html. The Commission's rate is a reasonable and equitable means of reimbursing an injured employee when he or she drives to an appointment because it is difficult to determine the precise cost of any particular automobile trip. Notably, the cost of fuel and the number of miles traveled per gallon of fuel fluctuates. On the other hand, unlike driving, a passenger pays a certain amount for a bus, train, or taxi. The passenger can either retain a receipt documenting the cost, or for Metro at least, calculate the cost on the internet by entering the time and date of travel as well as the stations of entry and exit. *See* http://www.wmata.com/rider_tools/tripplanner. Thus, the Commission's mileage rate is not a reasonable way to calculate reimbursement when the employee does not drive him or herself. Since appellee did not drive to his appointments, compensating him based on the mileage rate would run afoul of *Breitenbach*'s holding that transportation expenses are only reimbursable when "reasonable and necessary."

Appellee stated that he does not recall which mode of transportation he took to which appointment, and that sometimes, his mother drove him. In those latter instances, appellee incurred no expenses, and it would be inappropriate to reimburse him based on the mileage rate. Otherwise, the employee would receive a windfall. At oral argument, appellee's counsel maintained that even an employee who walked to an appointment is entitled to be reimbursed at the mileage rate because miles were traveled. He makes this argument even though the employee incurred no tangible expense.[2] This argument highlights the slippery slope we would create if we held that the mileage rate is *always* the applicable measure for reimbursement.[3]

Although compensation statutes vary, some of our sister state approaches are illuminating. Louisiana's workers' compensation statute provides that an "employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services, medicines, and prosthetic devices, which the employer is required to furnish under this Section[.]" La.Rev.Stat. Ann. § 23:1203(D) (2012). Louisiana case law explains that "a claimant must present evidence of such expenses, such as the actual cost of a trip to the hospital or doctor's office or the number of miles traveled for such a trip." *Reese v. Dresser Valve Indus.*, 48 So.3d 406, 410 (La.Ct.App.2010) (citations and quotation marks omitted). Louisiana's law, although not directly comparable to Maryland's statute because it addresses travel reimbursement explicitly, is still instructive because it indicates that mileage is not the sole measure for reimburse-

---

2. At argument, appellee's counsel asserted that one who walks expends "fuel" that must be replenished, and that walking takes time, and time is money. We think that these intangibles would not be reasonable or necessary travel expenses under *Breitenbach*.

3. Other unintended consequences include an employee requesting medical mileage for taking a plane cross-country to attend an appointment, or more extreme, requesting medical mileage when the employer provides transportation to the appointment.

ment, and that it does not substitute for documentation of the actual cost of travel.

Appellee urges us to affirm the circuit court's decision and allow him to recover based on *Breitenbach*'s holding that the Workers' Compensation Act should be liberally construed. It goes without saying that the statute is remedial and should be liberally construed, but that does not mean we should interpret the statute unreasonably. *Breitenbach* held that § 9–660(a)(1)'s reference to an employee's entitlement to "other attendance or treatment" could, in light of the statute's remedial purpose, be read to include the cost of transportation. *Breitenbach*, 366 Md. at 484, 784 A.2d at 579. Section 9–660(a)(1) does not actually discuss transportation costs. Thus, no matter how liberally § 9–660(a)(1) is read, it simply does not tell us whether Maryland recognizes a mileage reimbursement scheme or one based on the actual travel costs incurred by the employee. On balance, requiring a claimant to document travel or to retain receipts documenting actual travel costs is not too great a burden. Without such documentation, appellee is unable to show that his expenses were reasonable, or in some instances, such as when his mother drove him, whether he even incurred expenses at all[4] For these reasons, we hold that appellee is not entitled to medical mileage.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE WORKERS' COMPENSATION COMMISSION. COSTS TO BE PAID BY APPELLEE.**

---

4. We note that the reimbursement form provided to appellee by his lawyer specifically stated that an employee who used public transportation or a taxi cab should attach receipts. While this form was created by the lawyer and did not originate from the Commission, it nonetheless demonstrates that appellee was on notice that he should keep his receipts.