NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-248

CHRISTOPHER LEHMAN

VERSUS

HENRY GUINN, KEVIN D. MILLICAN,

STEPHEN VANHOOK, BOBBY VASSEUR, AND

CITY OF JENNINGS

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-290-20
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

SYLVIA R. COOKS

CHIEF JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, Charles G. Fitzgerald, Judges.

MOTION TO STRIKE DENIED.

**Ben L. Mayeaux**
**Robert Torian**
**Jason T. Reed**
**B. Lance Person**
**NeunerPate**
**Post Office Box 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **City of Jennings**
  **Henry Guinn**
  **Kevin D. Millican**
  **Stephen Vanhook**
  **Bobby Vasseur**

**James Edward Sudduth, III**
**Pierce A. Rapin**
**Sudduth & Associates, LLC**
**1109 Pithon Street**
**Lake Charles, LA 70601**
**(337) 480-0101**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Christopher Lehman**

**Cooks, Chief Judge.**

Appellant, Christopher Lehman, moves this court for an order striking certain documents appended to the original brief of Appellees, City of Jennings, Bobby Vasseur, Henry Guinn, Stephen Vanhook, and Kevin Millican. For the reasons discussed herein, we deny the motion.

The documents at issue, pages 26 through 31 of Appellees' original brief, comprise certain sections of the Jennings Code of Ordinances and the Jennings Home Rule Charter. Appellant argues that appellate courts may not consider evidence which is not in the record on appeal and are not permitted to receive new evidence. *Reese v. Dresser Valve Indus.*, 10-241 (La.App. 3 Cir. 10/6/10), 48 So.3d 406. Appellant adds that Appellees submit only self-serving portions of the Jennings Code of Ordinances and the Home Rule Charter that do not appear in the appellate record. As such, Appellant urges that this court must follow the reasoning in Reese and strike all documents appended at pages 26 through 31 of Appellees' original brief.

In opposition, Appellees assert that in Appellant's petition and appellate brief, Appellant claims that provisions in the Jennings Home Rule Charter and the Jennings Code of Ordinances require Appellees to take enforcement actions against Appellant's neighbors. Further, Appellant cites the provisions he contends are applicable and requests that this court take judicial notice of the Jennings Code of Ordinances and Jennings Home Rule Charter. Likewise, Appellees request that this court take judicial notice of the Jennings Code of Ordinances and Jennings Home Rule Charter and provide an appendix of the provisions cited for this court to review the text of the ordinances.

Appellees maintain that pursuant to the La.Code Evid. Art. 202(B)(1)(c), "A court shall take judicial notice of the following if a party requests it and provides the court with the information needed by it to comply with the request, and may take judicial notice without request of a party of . . . Ordinances enacted by any political subdivision of the State of Louisiana." *See Rathe v. Rathe*, 17-1326 (La.App. 1 Cir. 8/21/18), 256 So.3d 1001. Appellees add that whether this court takes judicial notice of the ordinances by considering the appendix or evaluates the ordinances elsewhere, the effect will be the same.

Since Appellant seeks judicial notice of the Jennings Code of Ordinances and the Jennings Home Rule Charter, we find no merit in Appellant's motion to strike the portions of the Jennings Code of Ordinances and Jennings Home Rule Charter attached to Appellee's brief. In keeping with La.Code Evid. art. 202(B)(1)(c), we take judicial notice of the relevant portions of the Jennings Code of Ordinances and the Jennings Home Rule Charter. Accordingly, we deny the motion.

**MOTION TO STRIKE DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.